# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ELIZABETH HARVEY          :
                          :
          Plaintiff       :
                          :
    v.                    :   3:12-cv-1387
                          :   (JUDGE MARIANI)
CHARLES SHAFFER, ESQ., et al.  :
                          :
          Defendants      :

## MEMORANDUM OPINION

On July 18, 2012, Plaintiff Elizabeth Harvey ("Plaintiff") filed a *pro se* Complaint alleging civil rights violations arising from an earlier state court proceeding involving Plaintiff's alleged injuries incurred from a slip and fall at the Mohegan Sun Casino. Plaintiff's Complaint "recites her dissatisfaction with the progress of this state civil lawsuit." (*See Report and Recommendations* at 1, ECF Dkt. 3.) Plaintiff also filed an application to proceed *in forma pauperis*.

In accordance with this Court's statutory duties as to litigants filing complaints who seek to proceed *in forma pauperis*, the Court screened the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). On July 23, 2012, Magistrate Judge Martin C. Carlson issued a Report and Recommendation in which he recommended that the Complaint be dismissed, but that Plaintiff be given an additional opportunity to correct the deficiencies noted in the Magistrate's Report.

## **DISCUSSION**

Plaintiff filed objections to the Report and Recommendation, and challenged the authority of the Clerk's Office to refer her case to a federal magistrate judge and the authority of a magistrate judge to be involved in this matter absent Plaintiff's permission. Pursuant to this Court's case assignment and referral policy, magistrate judges are permitted to screen matters, but sole authority as to whether a report and recommendation issued in connection with such statutorily required screening should be adopted, remains with the district judge. In this matter, Magistrate Judge Carlson issued a Report and Recommendation, but it remains entirely within the authority of the assigned district judge to determine whether to accept or reject the magistrate judge's findings based on the district judge's independent review of the case.

This Court has a statutory obligation to engage in a *de novo* review of the Report and Recommendation prior to its adoption or rejection because Plaintiff filed timely objections. Accordingly, any objection to the authority of a magistrate judge to issue a report and recommendation under the present circumstances is without merit because of the nature of *de novo* review of the Magistrate Judge's Report and Recommendation in which the District Court owes no deference to the Magistrate Judge's determinations and must undertake a new and independent review of the Complaint. In fact, Plaintiff's failure to object to any of the substance of the Report and Recommendation merely requires this Court to review the magistrate judge's findings for clear error; nevertheless, in the present matter, the Court has undertaken a *de novo* review.

With regard to the particular findings of the magistrate judge contained in the Report and Recommendation, Plaintiff failed to make any specific objection concerning the merits of her case. The Court finds, however, upon *de novo* review, that the present Report and Recommendation cannot be adopted in its entirety, although the recommendation to dismiss remains appropriate.

Plaintiff named six defendants in this action: five private, non-state actors, and a judge of the Court of Common Pleas. Plaintiff's complaint alleges that Defendants violated her civil rights and proceeds under 28 U.S.C. § 1983. "A civil rights action brought pursuant to section 1983 is sustainable against state actors only." *Boyd v. Pearson*, 346 F. App'x 814, 816 (3d Cir. 2009)(citing *Bright v. Westmoreland County*, 380 F.3d 729, 736 (3d Cir. 2004)). Plaintiff's Complaint alleges that her former attorney, Charles A. Shaffer, Esq., in addition to Robert D. Schaub, Esq., Mary Lou Morrissette, Robert Soper, and Mohegan Sun at Pocono Downs are state actors for the purposes of section 1983. In making a determination as to who qualifies as a state actor, the Third Circuit provides clear guidance:

> "To state a claim under § 1983, a plaintiff ... must show that the alleged deprivation [of a constitutional right] was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). This requirement dovetails with the principle that constitutional violations must be predicated upon state action. *Id.* at 49, 108 S.Ct. 2250. If defendants' "conduct satisfies the state action requirement of the Due Process Clause, then it also qualifies as action 'under color of state law' for § 1983 purposes." *Abbott v. Latshaw*, 164 F.3d 141, 145 (3d Cir.1998).

*St. Matthew's Slovak Roman Catholic Congregation v. Most Reverend Wuerl*, 106 F. App'x 761, 766 (3d Cir. 2004)

With the exception of Judge Lupas, none of the other Defendants is alleged to be a state, i.e., government employee. Private parties may, however, "be so cloaked with state power that they are treated as state actors." *Id.* at 766-67. The Third Circuit continues:

> We have explained that this type of state action inquiry has two parts. First, we ask whether the alleged constitutional injury is the result of the exercise of a privilege "'having its source'" in state authority. *Brown v. Philip Morris, Inc.*, 250 F.3d 789, 801 (3d Cir.2001) (quoting *Edmonson v. Leesville Concrete*, 500 U.S. 614, 620, 111 S.Ct. 2077, 114 L.Ed.2d 660 (1991)). Second, we determine whether the private party " 'could be described in all fairness' " as a state actor. *Id.* (quoting *Edmonson*, 500 U.S. at 620, 111 S.Ct. 2077.).

*Id.* at 767.

Under the above-quoted standard, the non-judicial Defendants cannot be construed to be state actors for purposes of section 1983. Plaintiff's Complaint does not contain a single allegation of fact to support such a contention. "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Nothing in the record indicates that the non-judicial Defendants acted on behalf of the state, were employed by the state, or were enforcing any state law or regulation pertinent to Plaintiff's claims. Plaintiff merely offers labels and legal conclusions to support her allegation that Shaffer, Schaub, Morrissette, Soper, and Mohegan Sun at Pocono Downs are state actors, and this is inadequate to sustain her pleading.

In addition, Plaintiff's Complaint alleges that Judge David W. Lupas of the Court of Common Pleas of Luzerne County violated her civil rights in the course of his duties as "presiding judge." (*See* Pl.'s Compl. at ¶ 7, ECF Dkt. 1.) From the face of Plaintiff's Complaint,

4

it is apparent that Plaintiff's issue with Judge Lupas arises solely from the manner in which he conducted his duties as a state judicial officer within proceedings pending in the Court of Common Pleas. Plaintiff avers that Judge Lupas made an inappropriate ruling with regard to the withdrawal of Mr. Shaffer as Plaintiff's legal counsel, and that in doing so, Judge Lupas violated the "Code of Professional Responsibility." Judge Lupas's actions are clearly protected by absolute judicial immunity.

As the Third Circuit held in *Gallas v. Supreme Court of Pennsylvania*, 211 F.3d 760 (3d Cir. 2000):

> A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.' " [*Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S.Ct. at 1105 (citation omitted); *see also Forrester*, 484 U.S. at 227, 108 S.Ct. at 544 (an act "does not become less judicial by virtue of an allegation of malice or corruption of motive"); *Cleavinger v. Saxner*, 474 U.S. 193, 200, 106 S.Ct. 496, 500, 88 L.Ed.2d 507 (1985) ("Nor can this exemption of the judges from civil liability be affected by the motives with which their judicial acts are performed.") (citation omitted). Immunity will not be forfeited because a judge has committed "grave procedural errors," *Stump*, 435 U.S. at 359, 98 S.Ct. at 1106, or because a judge has conducted a proceeding in an "informal and ex parte" manner. *Forrester*, 484 U.S. at 227, 108 S.Ct. at 544. Further, immunity will not be lost merely because the judge's action is "unfair" or controversial. *See Cleavinger*, 474 U.S. at 199-200, 106 S.Ct. at 500 (immunity applies "however injurious in its consequences [the judge's action] may have proved to the plaintiff ") (citation omitted); *Stump*, 435 U.S. at 363-64, 98 S.Ct. at 1108 ("Disagreement with the action taken by the judge ... does not justify depriving that judge of his immunity.... The fact that the issue before the judge is a controversial one is all the more reason that he should be able to act without fear of suit."). In sum, our analysis must focus on the general nature of the challenged action, without inquiry into such "specifics" as the judge's motive or the correctness of his or her decision. *See Mireles*, 502 U.S. at 13, 112 S.Ct. at 288 ("[T]he relevant inquiry is the 'nature' and 'function' of the act, not the 'act itself.' In other words, we look to the particular

5

act's relation to a general function normally performed by a judge ....") (citation ornitted).

Gallas v. Supreme Court of Pennsylvania, 211 F.3d 760, 769 (3d Cir. 2000).

In the present matter, Judge Lupas's actions were clearly within his jurisdictional mandate, and Plaintiff's Complaint is predicated upon her own displeasure with the court's decision. Judge Lupas is entitled to absolute judicial immunity for his actions involving Plaintiff's state court case and he must be dismissed from this action.

The Report and Recommendation of Magistrate Judge Carlson also recommended that the Court dismiss Plaintiff's claims on the basis that they are time-barred by a two-year statute of limitations. Upon de novo review, the Court is unable to discern whether any of Plaintiff's claims in the underlying tort action pending in the Court of Common Pleas are untimely. Accordingly, the Court will decline to adopt the magistrate judge's finding and recommendation that the matter be dismissed on the grounds that Plaintiff's allegations fail to comply with an applicable statute of limitations.

Further, the Court will decline to adopt the magistrate judge's recommendation that the Court dismiss Plaintiff's Complaint on the grounds that such an action is barred by the Rooker-Feldman doctrine. "The Rooker-Feldman doctrine is a judicially-created doctrine that bars lower federal courts from reviewing certain state court actions." Goodson v. Maggi, 797 F. Supp. 2d 587, 597 (W.D. Pa. 2011). The doctrine originated from two Supreme Court opinions issued over the course of six decades: Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 1303, L.Ed.2d 362 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103

S.Ct. 1303, 75 L.Ed.2d 206 (1983). The doctrine holds "that a United States District Court has no subject matter jurisdiction to review final judgments of a state court, because only the Supreme Court has jurisdiction to review state court judgments under 28 U.S.C. § 1257." Goodson, 797 F. Supp. 2d at 597 (citing Feldman, 460 U.S. at 482, 103 S.Ct. 1303). "The Rooker-Feldman doctrine is based on the statutory foundation of 28 U.S.C. § 1257 and the well-settled understanding that the Supreme Court of the United States, and not the lower federal courts, has jurisdiction to review a state court decision." Parkview Assocs. P'ship v. City of Lebanon, 225 F.3d 321, 324 (3d Cir. 2000); see also Gulla v. North Strabane Twp., 146 F.3d 168, 171 (3d Cir. 1998). "This doctrine applies even where the challenges to the state court judgment allege that the state court's action was unconstitutional, such as a deprivation of due process and equal protection rights." Goodson, 797 F. Supp. 2d at 597 (citing Feldman, 460 U.S. at 485-86, 103 S.Ct. 1303 (citation omitted)).

The Supreme Court confined the Rooker-Feldman doctrine to "cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." See Exxon Mobile Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S.Ct 1517, 161 L.Ed.2d 454 (2005); see also, Johnson v. De Grandy, 512 U.S. 997, 1005-1006, 114 S.Ct. 2647, 129 L.Ed.2d 775 (1994)(Rooker-Feldman bars losing party in state court "from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights"); Howlett v. Rose,

496 U.S. 356, 369-70, n.16 110 S.Ct. 2430, 110 L.Ed.2d 332 (1990)(citing Rooker and Feldman for the proposition that "a federal district court cannot entertain an original action alleging that a state court violated the Constitution by giving effect to an unconstitutional state statute"); ASARCO Inc. v. Kadish, 490 U.S. 605, 109 S.Ct 2037, 104 L.Ed.2d 696 (1989)(Supreme Court rejected suggestion of the United States that loser in Arizona Supreme Court case should have filed a separate action in federal district court effectively obtaining "direct review of the Arizona Supreme Court's decision in the lower federal courts").

In the Third Circuit, there are four requirements that must be met in order for the Rooker-Feldman doctrine to apply: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." Great Western Mining and Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010)(quoting Exxon Mobil, 544 U.S. at 284, 125 S.Ct. 1517)). In the present matter, Plaintiff does not invite review of any state court judgment; rather, she seeks damages based upon her disagreement with a state court order that permits the withdrawal of her counsel. Thus, the Rooker-Feldman doctrine is inapplicable here.

Finally, permitting Plaintiff to amend her Complaint would not adequately resolve the problems raised in this Memorandum Opinion. Although the Court is sensitive to Plaintiff's status as a *pro se* litigant, amending Plaintiff's Complaint would be an exercise in futility and would squander judicial resources, and thus no proper purpose would be served by granting

Plaintiff such an opportunity. Because the law governing this action mandates dismissal, Plaintiff can prove no claim under section 1983 entitling her to relief under the statute.

## CONCLUSION

For the reasons set forth in this opinion, the Report and Recommendation of Magistrate Judge Martin C. Carlson of July 23, 2012 will be adopted in part, the matter will be dismissed, and the Clerk of the Court will be ordered to close the case. A separate order will follow.

**DATE:** August 15, 2012

Robert D. Mariani
United States District Judge